**Juan Carlos CASTRO, Petitioner,**

**v.**

**Alberto GONZALES, Attorney General of the United States, United States Immigration and Naturalization Service, Edward McElroy, New York District Director, Immigration and Naturalization Service, Respondents.**

Juan Castro–Rojas, Petitioner,

v.

Alberto Gonzales, Attorney General of the United States, Edward McElroy, New York District Director, Immigration and Naturalization Service & Immigration and Naturalization Service, Respondents.

No. 02–4844, 02–4842.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Mario Demarco, Law Office of Mario DeMarco, PC, Port Chester, NY, for the Petitioners.

David B. Lat, Assistant United States, Attorney for the District of New Jersey, (Christopher J. Christie, United States Attorney for the District of New Jersey), Newark, NJ, for the Respondent, of counsel.

PRESENT: FEINBERG, SACK, and KATZMANN, Circuit Judges.

SUMMARY ORDER

PER CURIAM.

Petitioner Juan Carlos Castro and his son, petitioner Juan Castro–Rojas, seek review of a decision of the Board of Immi-

gration Appeals ("BIA") affirming an order of the Immigration Judge ("IJ") (Ghartey, J.) denying their petitions for political asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture ("CAT").

Castro and Castro–Rojas, who are citizens of Colombia, contend that they have been persecuted by the Revolutionary Armed Forces of Columbia, a rebel group commonly referred to as the "FARC," and that they are likely to be harmed by the FARC if they return to Colombia. The IJ rejected these assertions as not credible. On appeal, the petitioners contend principally that the IJ abused her discretion in making this adverse credibility finding.

We review the immigration court's factual findings for "substantial evidence," *Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003) (citations omitted), and will deem such findings to be "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary.'" *Id.* at 149 (citation omitted, emphasis added). "[W]e give particular deference to the credibility determinations of the IJ." *Chen v. I.N.S.,* 344 F.3d 272, 275 (2d Cir.2003) (citations and internal quotation marks omitted).

■ The record before us provides no basis to disturb the IJ's factual findings. The most compelling support for the petitioners' claims is a State Department report on country conditions indicating that the FARC rebels are active in Colombia and that they engage in regular violence against ordinary civilians. Yet such reports are generally not, by themselves, sufficient to warrant a grant of asylum, withholding of removal, or protection under the CAT absent credible evidence that the applicant was a specific target of the FARC. *See, e.g., Sepulveda v. Attorney Gen.,* 401 F.3d 1226, 1232 n. 7 (11th Cir. 2005).

■ The petitioners' present no such credible evidence. Relying primarily on his own testimony and that of his wife, Castro points to two incidents as examples of the persecution he endured: an alleged drive-by shooting at his home, and an episode in which FARC soldiers purportedly threatened him while he was playing a game of soccer at a public field. The IJ concluded that this testimony was not credible based on inconsistencies in Castro's story. For example, Castro variously described the soccer field incident as occurring "between August and September," between "September and October," and in November 1999. In his asylum application, he suggested that when the FARC members came looking for him on the field, he "took advantage of the multitude and hid in a school." In his testimony before the IJ, however, Castro suggested that two armed men in FARC uniforms drove up to "precisely" where he was standing on the soccer field and threatened him "that if [he] did not leave the Liberal party . . . they were going to finish [him] off and [his] family." His wife, meanwhile, testified that the men took Castro from the soccer field and threatened him.

On appeal, the petitioners contend that these inconsistencies are minor and do not go to the "heart" of their claim. We find this argument unconvincing and conclude that there was ample evidence to support the IJ's credibility determination.

We have considered the petitioners' remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review of the decision of the Board of Immigration Appeals is hereby DENIED.